## YORK *v.* CHASTAIN.

No. 12703. MARCH 9, 1939.

*G. Fred Kelley* and *A. H. Henderson,* for plaintiff in error.
*T. S. Candler* and *C. H. Edwards,* contra.

GRICE, Justice. Marvin Chastain, of White County, filed an equitable petition against D. D. York, also of that county, seeking to enjoin him from permitting his stock to trespass on and damage plaintiff's land and crops, "in violation of the stock law," which plaintiff claimed was effective throughout the county. Acts of trespass were duly alleged.

It appears, partly from the allegations of the petition and partly from the agreed statement of facts incorporated in the bill of exceptions and presented to the judge, that only elections by militia districts had been held in the county, each such election resulting

in favor of stock law, and so declared by the ordinary, and that all of the militia districts of the county had at different times held such elections; that the last of these elections was held more than six months prior to the bringing of this suit; that no fences have been erected around the separate districts or between any of them, or between Towns County and the portions of White County which touch the former; and that no gates have been erected across the roads leading from White County into Towns County, and that stock can pass from White County into Towns County over the mountain. There was testimony by the plaintiff and another that the defendant's stock, shortly before the bringing of the suit, trespassed on the lands of the plaintiff and damaged his crops. The defendant and his wife swore to the contrary. The judge, after hearing the evidence and the argument, together with the agreed statement of the facts above referred to, adjudged that the defendant be temporarily enjoined, until the case is tried before a jury, from doing any of the things for which a perpetual injunction was prayed. The defendant excepted.

Our Code, § 62-501, provides how a county may hold a stock-law election; but the facts appearing in this record show that no such election has been held in White County, where this suit was brought. § 62-502 makes provision for a stock-law election to be held in and by a militia district, and provides that "within six months after such election a lawful fence with proper gates be erected around parts of such district as touch nonstock law or fence-law districts or counties." And § 62-509, declares that whenever any militia district shall adopt the provisions of the stock law, it shall be the duty of the ordinary (or such other tribunal as may have jurisdiction over county matters) to have good and substantial fences erected around the district, and have fences constructed across any public or private road, and that "in no event shall the provisions of the stock law go into effect, as the result of a militia-district election hereafter held, until and unless within six months after such election (if in favor of 'stock law') such fence, with gates, as above provided, has been erected around portions of such district as touch nonstock or fence-law districts or counties." As has been said, there was no county-wide stock-law election. And while each militia district in the county did hold a militia-district election, and a majority of those voting were in favor of stock law,

there was no compliance with the provisions of the statute that fences and gates should be erected within six months after such election in favor of stock law in order to make the result of such election effective. So that the failure of the militia-district elections to become effective makes it impossible for the defendant's stock to trespass on and damage the plaintiff's lands and crops "in violation of the stock law," as contended in the plaintiff's petition, and it was error to grant the injunction excepted to.

*Judgment reversed. All the Justices concur.*